[No. 30958. Department Two. January 27, 1950.]

AURELIO DESIMONE, *et al.*, *Appellants*, v. THE CITY OF SEATTLE, *Respondent.*[1]

*Nicholas A. Maffeo*, for appellants.

*A. C. Van Soelen* and *John A. Logan*, for respondent.

HILL, J.—The city of Seattle has established an institution outside of but in proximity to the city for the care, treatment, and possible cure of alcoholics. This action is by certain property owners and residents in the neighborhood of that institution to enjoin the city from maintaining it in its present location. The gist of their complaint is that the city is maintaining a correctional institution, or jail, under the guise of a city rehabilitation camp, in violation of the county zoning resolution, and that its presence there depreciates the value of their property.

The area in which the institution is located is classified as "L-F-R-3 Landing Field Residence Three District," in which, among the uses permitted, we note amusement parks, auto camps, beach resorts, hotels with stores therein,

[1]Reported in 213 P. (2d) 948.

cemeteries, crematories, mausoleums, hospitals, sanitariums, and *"institutions for philanthropic and eleemosynary uses other than correction."* The city insists that its rehabilitation camp is not a correctional institution but is maintained for "uses other than correction." The evidence shows that only male alcoholics who have been committed to the city jail for drunkenness and who voluntarily elect to spend the period of their sentence in the institution in question are sent there, and then only after careful screening to determine that they are in good physical and mental condition and are of a type amenable to rehabilitation.

One of the points argued most strenuously is that this institution, by whatever name, is still a jail, and that those sent there, while termed patients, are nonetheless prisoners. The trial court did not adjudicate that point, taking the broader ground that, before a private citizen can secure an injunction preventing or stopping the violation of a zoning ordinance or resolution, he must establish a special damage to his person or property. The trial court found that the plaintiffs and interveners, who are the appellants here, had not established, by a preponderance of the evidence, that there had been any depreciation in the value of their property by the construction and operation of the institution in question by the city; and it therefore denied the injunction.

█ We do not understand the appellants to question the rule that an individual may not maintain an equity action to restrain the violation of a zoning statute, ordinance, or resolution unless some damage or injury to his person or property has been or will be done. We stated the rule somewhat differently in *Park v. Stolzheise,* 24 Wn. (2d) 781, 794, 167 P. (2d) 412, when we said:

"It is now generally held by the courts in this country that a property owner may pursue the remedy of injunction against the violation of a zoning ordinance, upon a showing of special damages to him by way of diminution in value of his property resulting from the violation of the ordinance. Notes, 129 A. L. R. (1940) 885, where the cases are collected."

The appellants insist that they come within the rule because they have established a depreciation in the value of their property resulting from the maintenance of the institution.

It is our view that the 637 pages of the record and the extensive briefs simmer down to one short, simple proposition: Was there sufficient evidence to support the trial court in its ultimate conclusion that the maintenance by the city of the institution here in question did not depreciate the value of the appellants' property?

█ We are of the opinion that the evidence was ample for that purpose. Two expert witnesses with extensive experience who testified for the city described the property in the vicinity of the institution. They testified that along the highway in that vicinity there are restaurants, taverns, service stations, auto courts, "and that general type of development," and that away from the highway the highest and best use of the land is for agricultural purposes. Their testimony was that such an institution as that maintained by the city would have no effect upon the value of the property in that particular neighborhood.

The appellants urge that the real-estate experts who testified for the city based their conclusions of no depreciation in value upon the erroneous assumption that the institution in question is not a jail. However, it appears that the witnesses were familiar with the institution, and that it was what the institution is and not what it is called that was given consideration by them in determining its effect upon property valuations.

Having concluded that the evidence does not preponderate against but supports the trial court's finding and conclusion that the appellants had failed to establish any special damages to their persons or property, we must affirm the trial court in its dismissal of the action for injunctive relief. The judgment is affirmed.

SIMPSON, C. J., ROBINSON, MALLERY, and HAMLEY, JJ., concur.